UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SHYANNE SHEPHERD, <br><br> Plaintiff, <br><br> v. <br><br> FRONTIER LOGISTICS, INC., <br> AMAZON.COM, INC., <br> AMAZON LOGISTICS, INC., <br> AMAZON.COM SALES, INC., <br> and AINULLAH <br> HAMZA, individually, <br><br> Defendants. | Case No.: 26-cv-1297 |

**AMAZON DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Amazon.com, Inc., Amazon

Logistics, Inc., and Amazon.com Sales, Inc. (collectively "Amazon Defendants"),[1] by and through

their attorneys, Morgan, Lewis & Bockius LLP, hereby remove this action from the Supreme Court

of the State of New York, County of Queens, where it is pending, to the United States District

Court for the Eastern District of New York.  Defendants Frontier Logistics, Inc. ("Frontier") and

Ainullah Hamza ("Hamza") consent to the removal of this action. In support of this Notice of

Removal, Amazon Defendants state as follows:

I.      **PROCEDURAL BACKGROUND**

---

[1] Although Plaintiff names various Amazon entities in her Summons with Notice, Plaintiff never sought employment with any Amazon entity. Rather, Plaintiff was an employee of Frontier Logistics, Inc., an independently owned and operated local courier company. Although Plaintiff lacks any basis in law or fact to bring any cause of action against any Amazon entity, Amazon Logistics, Inc. is the Amazon entity with the closest connection to the underlying allegations.

1.      On September 3, 2025, Plaintiff Shyanne Shepherd ("Plaintiff") commenced an action against Frontier, Amazon Defendants, and Hamza, entitled *Shyanne Shepherd v. Frontier Logistics, Inc., et al.*, Index No. 725691/2025, in the Supreme Court of the State of New York, County of Queens, by filing a Summons with Notice ("Summons"). *See* Summons, attached hereto as Exhibit A.

2.      On December 22, 2025, Plaintiff served Defendants Amazon.com Sales, Inc. and Amazon Logistics, Inc. with the Summons by delivering a copy of the Summons to the Secretary of State of the State of New York. *See* December 22, 2025, Affidavits of Service of Summons, attached hereto as Exhibit B.

3.      On December 22, 2025, Plaintiff served Defendant Frontier with the Summons by delivering a copy of the Summons to the Secretary of State of the State of New York. *See* December 22, 2025, Affidavits of Service of Summons, attached hereto as Exhibit C.

4.      On December 26, 2025, Plaintiff served Defendant Ainullah Hamza with the Summons by personally delivering a copy of the Summons to him. *See* December 26, 2025, Affidavit of Service of Summons, attached hereto as Exhibit D.

5.      On January 14, 2026, counsel for Defendant *Frontier* entered a notice of appearance. *See* January 13, 2026, Notice of Appearance, attached hereto as Exhibit E.

6.      On January 15, 2026, Defendant Ainullah Hamza served Plaintiff with a demand for a complaint under CPLR 3012(b). *See* January 15, 2026, Complaint Demand, attached hereto as Exhibit F.

7.      On January 20, 2026, Amazon Defendants served Plaintiff with a demand for a complaint under CPLR 3012(b). *See* January 20, 2026, Complaint Demand, attached hereto as Exhibit G.

2

8.      On February 4, 2026, Plaintiff served defendants a Complaint. *See* Complaint, attached hereto as Exhibit H; *see also* February 4, 2026 Affidavit of Service, attached hereto as Exhibit I.

9.      In the Complaint, Plaintiff purports to assert state and federal causes of action against defendants for (1) discrimination under the New York State Human Rights ("NYHRL") and the New York City Human Rights Law ("NYCHRL"); (2) retaliation under the NYHRL and NYCHRL; (3) "interference with a protected right" under the NYCHRL; (4) intentional infliction of emotional distress; (5) violence motivated by gender under The Victims of Gender-Motivated Violence Protection Act; (6) negligence; (7) failure to pay overtime under New York Labor Law ("NYLL") § 650; (8) sex trafficking by force, fraud, or coercion under Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1591 and 1595; and (9) failure to provide wage statements under NYLL § 195.[2] *See* Exhibit H, Complaint, Counts I-XV, at 10-23.[3]

10.     On February 15, 2026, the Parties entered a stipulation extending Defendants' time to respond to the Complaint to March 24, 2026. *See* Stipulation, attached hereto as Exhibit J.

11.     No other processes, pleadings, or orders have been served on the Amazon Defendants.

12.     True and correct copies of all process filed with the Supreme Court in the state court action are attached hereto as Exhibits A through J. On information and belief, these documents

---

[2] This Notice of Removal addresses the nature of the alleged claims raised in Plaintiff's Complaint. Amazon Defendants maintain that Plaintiff's claims against them are without merit and that they are not liable to Plaintiff. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually succeed on any of her claims or recover any damages based upon the allegations contained in the Complaint or otherwise.

[3] Because the Complaint's paragraph numbering becomes inconsistent after paragraph 140, this and all future citations use page pinpoints rather than paragraph pinpoints.

comprise the entirety of the process, pleadings, and orders filed in the Supreme Court for the County of Queens, New York.

## II.    GROUNDS FOR REMOVAL

### A.    Removal is Proper Pursuant to 28 U.S.C. § 1441(a)

13.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

14.    Removal of this action is proper pursuant to 28 U.S.C. § 1441(a) on the ground that the above-captioned matter is a civil action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

15.    As set forth in 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."

16.    The Complaint seeks relief under federal law based on alleged violations of TVPA, 18 U.S.C. §§ 1591 and 1595. *See* Exhibit H, Complaint, at 18-21. As such, Plaintiff has invoked a federal question in the Complaint and removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

17.    The Court has supplemental jurisdiction over Plaintiff's city and state law claims. A court has supplemental jurisdiction over additional claims when those claims are sufficiently related to form part of the same case or controversy. *See* 28 U.S.C. § 1367(a); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 92-93 (S.D.N.Y. 2001). If that is the case, no independent basis for subject matter jurisdiction needs to be shown. *See, e.g.*, *Dunlop-McCullen v. Pascarella*, No. 97-CV-0195, 2002 WL 31521012, at *10 (S.D.N.Y. Nov. 13, 2002) ("[I]f

[Plaintiff's] state law claims arise from the same set of facts as other claims in the case, it does not matter that this Court does not have independent subject matter jurisdiction over the union's New York claims.") (emphasis added).

18.     Specifically, Plaintiff's and state law claims arise from the same nucleus of operative fact as the TVPA allegations. The city and state law claims are premised on the alleged sexual harassment by Hamza that form the acts underlying the TVPA claim. Rendering the city and state law claims part of the same case or controversy within the meaning of to 28 U.S.C. § 1367(a).

19.     As such, Amazon Defendants can remove to this Court under 28 U.S.C. § 1441.

## III.    THE PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

### A.    Venue is Proper in the Eastern District of New York

20.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district and division embracing the Supreme Court of the State of New York, County of Queens, where Plaintiff originally filed this action. *See generally* Ex. A; 28 U.S.C. §§ 129(b), 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

### B.    Defendant Has Timely Filed Its Notice of Removal

21.     The Complaint describing the basis and nature of Plaintiff's TVPA claims was served on Amazon Defendants on February 4, 2026. *See* Exhibit I. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

22.    Pursuant to 28 U.S.C. § 1446(b)(2), defendant Frontier consents to the removal of the action.  *See* Exhibit K.

23.    Pursuant to 28 U.S.C. § 1446(b)(2), defendant Hamza consents to the removal of the action.  *See* Exhibit L.

24.    No previous notice of removal has been filed or made with this Court for the relief sought herein.

**C.    The Notice of Removal Complies with 28 U.S.C. §§ 1445 and 1446**

25.    This is not an action described in 28 U.S.C. § 1445.

26.    Consistent with 28 U.S.C. § 1446(d), written notice of the removal of this case, together with a copy of this Notice of Removal with attached exhibits, shall be filed with the New York Supreme Court and served on Plaintiff.

27.    By filing a Notice of Removal, Amazon Defendants do not waive any arguments, defenses, or rights, all of which are hereby specifically reserved.

28.    If any question arises as to the propriety of the removal of this action, Amazon Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable, and/or to amend this notice as allowed by law.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Amazon Defendants hereby remove this case from the Supreme Court of the State of New York, County of Queens, and respectfully requests that this Court assume complete jurisdiction over the case for all future proceedings.

Respectfully submitted,

Dated: March 5, 2026
    New York, New York                    MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ *August W. Heckman III*
August W. Heckman III

6

502 Carnegie Center
Princeton, NJ 08540-6241
Tel: (609) 919-6600
august.heckman@morganlewis.com

Maria Fernanda DeCastro
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
maria.decastro@morganlewis.com

*Attorneys for Amazon Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2026, the foregoing Notice of Removal, including the attached exhibits, was filed via the ECF filing system, and served by Federal Express, on the following:

Melissa Mendoza
Derek Smith Law Group, PLLC
450 7th Ave 30th Floor
New York, NY 10123

*Attorneys for Plaintiff*

Raymond Nardo
Raymond Nardo, P.C.
55 Jericho Turnpike, Suite 205
Jericho, NY 11753

*Attorneys for Defendant Frontier Logistics, Inc.*

David S. Feather
Feather Law Firm, P.C.
666 Old Country Road
Suite 509
Garden City, NY 11530

*Attorneys for Defendant Ainullah Hamza*

I affirm that the foregoing is true under penalties of perjury.

*/s/ Maria Fernanda DeCastro*
Maria Fernanda DeCastro