# Morgan Lewis

**August W. Heckman III**
Partner
+1.609.919.6696
august.heckman@morganlewis.com

March 24, 2026

**VIA ECF**
Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    <u>Shyanne Shepherd v. Frontier Logistics, Inc., et al., 1:26-cv-01297 (CBA) (PK)</u>

Dear Judge Amon:

We represent Defendants Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Sales Inc. (collectively "Amazon Defendants") in the above-referenced matter. Pursuant to Rule 3(A) of Your Honor's Individual Practices, we write to respectfully request a pre-motion conference to discuss the Amazon Defendants' anticipated motion to dismiss Plaintiff's New York State Human Rights Law, New York City Human Rights Law, New York Labor Law, and tort-based claims.

## I.    Plaintiff Does Not Plausibly Plead That Any Amazon Entity Employed Her.

Plaintiff alleges she worked as a delivery driver for Frontier Logistics, Inc. from approximately September 20, 2021 (Compl. ¶ 30) until her alleged constructive discharge on November 9, 2021 (*id.* ¶ 61) and that she was sexually harassed by Frontier employee (and defendant) Ainullah Hamza. Plaintiff's NYSHRL, NYCHRL, and NYLL claims against Amazon Defendants depend on her plausibly alleging an employment relationship with them. *See Felder v. U.S. Tennis Assoc.*, 27 F.4th 834, 838, 845 (2d Cir. 2022) (a discrimination claim under Title VII requires a plaintiff to plausibly allege that they and the alleged employer contemplated an employer-employee relation that would permit liability); *see also Moody v. Empire Hotel Dev., Inc.*, No. 20-CV-02203, 2023 WL 5480729, at *13-14 (S.D.N.Y. Aug. 24, 2023) (applying *Felder* to NYSHRL claims); *Garcia v. Arker Cos., LLC*, No. 21-CV-3243, 2024 WL 3888988, at *5-6 (E.D.N.Y. Aug. 21, 2024) (applying *Felder* to NYCHRL claim). Plaintiff does not do so here as she relies on generalized assertions about "AMAZON" and collective "Defendants," without pleading facts that any Amazon Defendant hired her, set her pay or paid her, maintained her payroll records, supervised or disciplined her, or made any decision related to her employment with Frontier.

**Morgan, Lewis & Bockius LLP**

502 Carnegie Center
Princeton, New Jersey, 08540        **T** +1.609.919.6600
United States                       **F** +1.609.919.6701

Hon. Carol Bagley Amon
March 24, 2026
Page 2

Compl. ¶¶ 9–12; 19–29. Plaintiff's conclusory, group allegations are insufficient to plead employer status. *See Bautista v. PR Gramercy Square Condo.*, 642 F. Supp. 3d 411, 422 (S.D.N.Y. 2022) ("[G]roup pleading is not sufficient to hold an entity liable under the single or joint employer doctrines; concrete allegations against specific entities are required in order to create a plausible inference of an employment relationship among them.").[1]

## II.    Plaintiff's NYSHRL, NYCHRL, and Common-Law Tort Claims Are Untimely.[2]

Plaintiff had three years to file suit under the NYSHRL, NYCHRL, and the common law for her negligence claim. *See* NY Exec. Law § 297(5); N.Y.C Admin. Code § 8-502(d); *Tounkara v. Republic of Senegal*, No. 21-CV-08027, 2023 WL 8592040, at *24 (S.D.N.Y. Dec. 7, 2023) (negligence). Plaintiff had one year to file suit alleging intentional infliction of emotional distress. *Button v. Doherty*, No. 24-CV-5026, 2025 WL 2846927, at *31 (S.D.N.Y. July 30, 2025). Plaintiff's allegations occurred on or before November 9, 2021, the day she alleges her employment with Frontier was constructively discharged. Compl. ¶¶ 61–62. Because Plaintiff commenced this action on September 3, 2025, her claims related to these allegations are untimely. Accordingly, the NYSHRL, NYCHRL, negligence, and intentional infliction of emotional distress claims should be dismissed.

## III.    Plaintiff Fails to Allege Protected Activity to Sustain Her Retaliation Claims.

Plaintiff's retaliation claims under the NYSHRL and NYCHRL independently fail because she does not plausibly allege that she engaged in protected activity with Amazon, or that any Amazon Defendant took any adverse action because of such activity. *See Edelman v. NYU Langone Health Sys.*, 141 F.4th 28, 45 (2d Cir. 2025) (a prima facie case of retaliation under the NYSHRL and NYCHRL requires the plaintiff to demonstrate that, as a result of their protected activity, "the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action") (quoting *Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 122 (2d Cir. 2024)). Accordingly, Plaintiff's retaliation claims should be dismissed.

## IV.    Plaintiff Fails to Plausibly Plead a Constructive Discharge Claim.

---

[1] At a minimum, both Amazon.com, Inc. and Amazon.com Sales Inc. should be dismissed from the case. The only Amazon entity that should remain, if any, as an alleged joint employer is Amazon Logistics, Inc. Plaintiff was an employee of Frontier Logistics, Inc., an independently owned and operated local courier company. Plaintiff alleges that Amazon was her joint employer because it "controlled" certain aspects of her employment. Amazon Logistics, Inc. has the closest connection to the underlying allegations. Furthermore, Plaintiff has not provided any evidence that she served Amazon.com, Inc. with legal process. The only affirmations of service that Plaintiff has submitted are for Amazon.com Sales Inc. and Amazon Logistics, Inc.

[2] Amazon Defendants respectfully reserve the right to move to dismiss on additional grounds in full briefing, including dismissal of Plaintiff's NYCHRL claims on the independent ground that Plaintiff fails to plausibly allege that she worked in New York City or otherwise satisfies the NYCHRL's impact requirement.

Hon. Carol Bagley Amon
March 24, 2026
Page 3

A constructive discharge claim requires allegations that the employer *deliberately,* on the basis of her protected categories, caused "working conditions [to] become so intolerable that a reasonable person in the employee's position would have felt compelled to resign." *Shultz v. Congregation Shearith Israel of City of N.Y.*, 867 F.3d 298, 308 (2d Cir. 2017). The Complaint does not allege facts showing that any Amazon Defendant deliberately created intolerable working conditions based on Plaintiff's sex/gender—let alone with the intent to force Plaintiff to resign. *See Murdaugh v. City of N.Y.*, No. 10 Civ. 7218, 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) (constructive discharge claim dismissed where plaintiff failed to allege any deliberate acts taken for the purpose of forcing plaintiff to resign). Accordingly, Plaintiff's constructive discharge theory should be dismissed.

### V.    Plaintiff's NYLL Overtime Claim Is Not Pleaded with Particularity.

An overtime claim must be pleaded with particularity and must "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 115 (2d Cir. 2023) (internal quotations omitted). Plaintiff must show that "(1) [s]he was an employee who was eligible for overtime. . .and (2) that [s]he actually worked overtime hours for which he was not compensated." *Shala v. Ocean Condos.*, No. 23-cv-01637, 2024 WL 4334900, at *5 (E.D.N.Y. Sept. 27, 2024) (quoting *DeSilva v. N. Shore Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 507 (E.D.N.Y. 2011)).

Plaintiff alleges in conclusory fashion that "Defendants employed Plaintiff for workweeks longer than 40 hours" and "failed to compensate" her for overtime. *See* Compl. ¶ 133; Count XIII. Plaintiff does not identify any particular workweek in which she worked more than 40 hours, does not allege any approximation of the overtime hours worked in any week, and does not plead her rate of pay or how she was paid (or that any Amazon entity was aware and involved). Compl. ¶¶ 30–66; 132–138. Accordingly, the NYLL overtime should be dismissed as against the Amazon Defendants.

### VI.    Plaintiff Lacks Standing to Assert A NYLL § 195 Wage Statement Claim.

Plaintiff alleges she did not receive "accurate wage statements" as required by NYLL §195. Compl. ¶ 64; Count XV. Even if true, Plaintiff pleads no tangible injury through this alleged technical violation of NYLL § 195; as such, the claim should be dismissed. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 305 (2d Cir. 2024) ("[A] plaintiff…must allege 'actual injuries suffered as a result of the alleged ... wage notice and wage statement violations.'") (quoting *Guthrie v. Rainbow Fencing Inc.*, No. 21-CV-5929, 2023 WL 2206568, at *6 (E.D.N.Y. Feb. 24, 2023)).

### VII.    Conclusion

For these reasons, Amazon Defendants request a conference to discuss their intended motion to dismiss Plaintiff's NYSHRL, NYCHRL, NYLL, and tort-based claims against them. We thank the Court for its attention to this matter.

Hon. Carol Bagley Amon
March 24, 2026
Page 4

Sincerely,

/s/ *August W. Heckman III*
August W. Heckman III

**VIA ECF**
Melissa Mendoza
Derek Smith Law Group, PLLC
450 7th Ave 30th Floor
New York, NY 10123
melissa@dereksmithlaw.com
*Attorneys for Plaintiff*

Raymond Nardo
Raymond Nardo, P.C.
55 Jericho Turnpike, Suite 205
Jericho, NY 11753
raymondnardo@gmail.com
*Attorneys for Defendant Frontier Logistics, Inc.*

David S. Feather
Feather Law Firm, P.C.
666 Old Country Road, Suite 509
Garden City, NY 11530
dfeather@featherlawfirm.com
*Attorneys for Defendant Ainullah Hamza*