# FEATHER LAW FIRM, P.C.

666 OLD COUNTRY ROAD
SUITE 509
GARDEN CITY, NEW YORK 11530

Telephone: 516.745.9000
Facsimile: 516.908.3930

DFeather@FeatherLawFirm.com
www.FeatherLawFirm.com

March 24, 2026

Honorable Carol Bagley Amon
United States District Court Judge
Eastern District Of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    Shepherd v. Frontier Logistics, Inc., et al.; 26-cv-01297 (CBA)(PK)

Dear Honorable Judge Amon:

The undersigned represents the individual Defendant with regard to the above-referenced matter, Mr. Ainullah Hamza. It is Defendant Hamza's desire to make a motion to dismiss certain causes of action in the Plaintiff's Complaint. For that reason, I write this letter to request that this Court schedule a pre-motion conference. Specifically, Defendant Hamza intends to request that the following causes of action be dismissed:

**Plaintiff's Fourth, Fifth and Six Causes of Action (As and For Discrimination and Retaliation under the New York City Human Rights Law)**

The New York City Human Rights Law protects employees who work within the five boroughs of the City of New York. The Complaint herein is devoid of any allegations that Plaintiff performed any services for or on behalf of any of the Defendants within New York City. For that reason, Plaintiff's Fourth, Fifth and Sixth Causes of Action must be dismissed.

**Plaintiff's Third and Fourth Causes of Action (As and For Aiding and Abetting Under New York State and New York City Law)**

Plaintiff's Third and Fourth Causes of Action cite violations of New York State Executive Law §296(6) and New York City Administrative Code §8-107(6), which both prohibit anyone from "aiding and/or abetting" a violation of either the NYSHRL or NYCHRL. However, since Defendant Hamza is the only Defendant accused of sexual harassment herein, he cannot be found to have "aided or abetted" his own alleged behavior.

It has been held that, "as a matter of law as well as logic, an individual cannot aid or abet his or her own violation of the Human Rights Law." (*Bliss v MXK Rest. Corp.*, 220 F Supp 3d 419 [SDNY 2016]) (citations omitted). Thus, any claims against Defendant Hamza for aiding and abetting his own alleged discriminatory actions (e.g. his alleged sexual harassment of Plaintiff) must fail on these grounds. *See* (*Raneri v McCarey*, 712 F Supp 2d 271 [SDNY 2010]); *see* (*Reid v Ingerman Smith LLP*, 876 F Supp 2d 176 [EDNY 2012]) .

1

**Plaintiff's Seventh Cause of Action (As and For Interference with a Protected Right)**

Plaintiff's Seventh Cause of Action alleges a violation of *N.Y.C. Admin. Code § 8-107(19)*. For the following reasons, that cause of action must be dismissed.

*N.Y.C. Admin. Code § 8-107(19)* prohibits defendants from coercing, intimidating, threatening, or interfering with plaintiff in his/her exercise or enjoyment of any right granted or protected under the NYCHRL. To sustain a claim of interference with a guaranteed or protected right, a plaintiff must show active coercion, intimidation, threats, or interference in his/her exercise or enjoyment of a right, rather than simply a deterrent effect. (*Zimmer v Warner Bros. Pictures, Inc.*, 56 Misc 3d 1208[A], 2016 NY Slip Op 51889[U] [Sup Ct, NY County 2016]).

Specifically, it has been held that threat is a required element of a claim for violation of *Section 8-107(19)*. *Cadet v. All. Nursing Staffing of New York, Inc.*, 632 F. Supp. 3d 202, 236 (S.D.N.Y. 2022). As defined by the Second Circuit, a 'threat' is the creation of '[a]n impression of impending injury.'" *Sletten v. LiquidHub, Inc.*, 13-CV-1146, 2014 U.S. Dist. LEXIS 94697, 2014 WL 3388866, at *5 (S.D.N.Y. July 11, 2014)(internal quotations omitted).

Nowhere in the Complaint does Plaintiff accuse Defendant Hamza of coercing, intimidating, threatening, or interfering with her, whether to discourage her from remaining in her job or from complaining about his alleged conduct. For that reason, Plaintiff's Seventh cause of action must be dismissed.

**Plaintiff's Tenth Cause of Action (As and for the alleged Intentional Infliction of Emotional Distress**

Plaintiff's Tenth Cause of Action alleges that Defendants intentionally inflicted emotional distress upon her. However, the statute of limitations for such a claim is one year. CPLR §215(3). Since Plaintiff's alleges that she was constructively discharged on November 9, 2021, and brought this suit on September 3, 2025, this statute of limitations has run, and this cause of action must be dismissed.

**Plaintiff's Eleventh Cause of Action (As and For a violation of the Victims of Gender Motivated Violence Protection Act)**

The New York City *Gender-Motivated Violence Act (GMVA)* provides that any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual. N.Y.C. Code § 8-904. New York City Administrative Code §8-903, in turn, defines a "crime of violence" as an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law, if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges. N.Y.C. Code § 8-903. Furthermore, such an act is "motivated by gender" if it is committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender. N.Y.C. Code § 8-903.

Thus, a plaintiff is required to establish the following elements in support of this claim: (1)

2

the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender; and (4) resulted in injury. (*Hughes v Twenty-First Century Fox, Inc.*, 304 F Supp 3d 429 [SDNY 2018])

There are no such allegations contained in the Complaint. For those reasons, Plaintiff's Eleventh Cause of Action must be dismissed.

## Plaintiff's Second Eleventh Cause of Action (As and for Negligence)

Plaintiff's Second Eleventh Cause of Action sounds in negligence. However, the statute of limitations for such a claim is three years. CPLR §214(5). Since Plaintiff's alleges that she was constructively discharged on November 9, 2021, and brought this suit on September 3, 2025, this statute of limitations has run, and this cause of action must be dismissed. In addition, Plaintiff's negligence claims are barred by the Workers' Compensation Law.

## Plaintiff's Thirteenth Cause of Action (As and For the failure to pay overtime under the New York State Labor Law

An overtime claim under New York Labor Law must be pled with particularity, and must sufficiently allege forth hours in a given workweek as well as some uncompensated time in excess of forty hours. (*Lundy v Catholic Health Sys. of Long Is., Inc.*, 711 F3d 106 [2d Cir 2013]). A plaintiff must allege both that she was eligible for overtime and that she actually worked overtime hours for which she was not compensated. (*Shala v Ocean Condominiums*, 2024 US Dist LEXIS 175956 [EDNY Sep. 27, 2024, No. 23-CV-01637(OEM)(TAM)]). Because Plaintiff fails to do so, her Thirteenth Cause of Action must be dismissed.

## Plaintiff's Fifteenth Cause of Action (As and for the failure to provide Plaintiff a paystub)

The Plaintiff's Fifteenth Cause of Action asserts a violation of New York Labor Law (NYLL) §195(3). NYLL §195(3) requires employers to provide employees wage statements with every payment of wages. For the following reasons, Plaintiff lacks standing to maintain this claim.

In order to maintain standing in federal court, a Complainant must establish that he/she suffered an "injury". In order to maintain a standing for a violation of NYLL §195 in Federal Court, a Complainant must show some causal connection between the lack of accurate notices and "[a] downstream harm" *Guthrie v. Rainbow Fencing Inc., 113 F.4th 300 (2d Cir. 2024).* In the Complaint, the Plaintiff does not even attempt to fulfill her burden to show standing. For that reason, Plaintiff's Fifteenth Causes of Action, brought pursuant to NYLL §195, will be dismissed by the court for lack of standing.

For the reasons set forth herein, the undersigned respectfully requests that this Court schedule a pre-motion conference to discuss Defendant Hamza's intention to file a partial motion to dismiss the Complaint.

3

Respectfully submitted,

David S. Feather

cc:  All legal counsel
     Via ECF Only

4