

**New York | Los Angeles | Philadelphia | Miami | New Jersey | San Francisco | San Diego**

April 2, 2026

<u>**VIA ECF**</u>
Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** Shyanne Shepherd v. Frontier Logistics, Inc., et al., 1:26-cv-01297 (CBA)(PK) — Plaintiff's Response to Pre-Motion Conference Letters (ECF Dkt. No's. 13-15)

Dear Judge Amon:

Plaintiff Shyanne Shepherd, through undersigned counsel, respectfully submits this letter in opposition to the pre-motion conference letters filed by Defendants Frontier Logistics, Inc. (ECF Dkt No.14), the Amazon Defendants (ECF Dkt No. 13), and Ainullah Hamza (ECF Dkt. No. 15). Defendants' anticipated motions would fail on every ground asserted. Plaintiff respectfully requests leave to file this response in excess of three pages, as Defendants filed three separate pre-motion conference letters (Docs. 13, 14, 15) raising a combined total of more than fifteen distinct legal arguments. Plaintiff further requests that this response be accepted nunc pro tunc

## I.    Amazon's Joint Employer Argument Is a Classic Defense It Has Raised and Lost in Federal Courts Across the Country

### A.    The Complaint Plainly Alleges Amazon as a Joint Employer

Amazon contends that the complaint attributes Plaintiff's employment to Frontier alone, citing paragraph 30. That argument requires ignoring the complaint's own defined terms, its introductory joint-employer allegations spanning paragraphs 9 through 29, and twenty paragraphs of detailed factual pleading that a court may not disregard on a motion to dismiss.

The complaint expressly defines "Employer Defendants" at paragraph 12 to mean both Frontier Logistics, Inc. *and* Amazon.com, Inc. collectively. That defined term is used throughout the pleading. When paragraph 30 alleges that "Plaintiff began her employment with Defendants," the term "Defendants" incorporates the "Employer Defendants" definition to encompass both entities. To the extent any ambiguity exists in that drafting — which Plaintiff acknowledges — it must be resolved in Plaintiff's favor under Rule 12(b)(6). The intent of the pleading is unambiguous:

Frontier and Amazon are one and the same for purposes of Plaintiff's employment. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nor can Amazon read paragraph 30 in isolation. Paragraph 9 expressly alleges that "FRONTIER and AMAZON jointly employed Plaintiff." Paragraph 11 alleges both entities "each exercised direct and indirect control over the terms and conditions of Plaintiff's employment." Paragraphs 19 through 28 catalog Amazon's specific mechanisms of control: Amazon uniforms, Amazon routing software, Amazon GPS monitoring, Amazon performance scoring, Amazon delivery stations, and Amazon's express power to revoke platform access. Paragraph 29 alleges that "FRONTIER and AMAZON jointly determined the essential terms and conditions of Plaintiff's employment." Paragraph 63 alleges Amazon itself offboarded Plaintiff on July 19, 2022 — an act of direct termination.

Under the applicable standards, both joint employer and single integrated enterprise theories are well-pleaded. For NYLL claims, the economic reality test under *Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003), considers whether the alleged employer's premises and equipment were used, whether the plaintiff's work was integral to that employer's business, and the degree of supervision — all satisfied here. For discrimination claims, the single integrated enterprise doctrine looks to common ownership, common management, interrelation of operations, and centralized labor control.

**B.    Amazon Has Raised This Identical Defense in Federal Courts Across the Country and Has Repeatedly Lost — Both at the Motion to Dismiss Stage and at the Resolution of Cases It Chose to Settle Rather Than Litigate.**

Amazon's joint employer denial is not a novel legal argument. It is a defense Amazon has raised repeatedly, in jurisdictions across the country, on virtually identical facts, and it has repeatedly failed. The Court should not expend judicial resources entertaining a motion to dismiss that Amazon's own litigation history demonstrates cannot succeed at the pleading stage.

In *Edmonds v. Amazon.com, Inc.*, No. C19-1613JLR (W.D. Wash. Apr. 15, 2020), a federal district court **denied Amazon's motion to dismiss** FLSA joint employer claims brought by a DSP delivery driver a case on virtually identical facts to those alleged here. The court found the driver plausibly alleged Amazon as a joint employer based on Amazon's control of routes via its app, its maintenance of driver performance data, its use of branded uniforms and vehicles, the exclusivity of the DSP relationship, and the fact that delivery is integral to Amazon's core business. Amazon raised the same arguments it raises here  group pleading, insufficient control allegations — and the court rejected them.

In *Gibbs v. MLK Express Serv., LLC*, No. 2:18-cv-434-FtM-38MRM (M.D. Fla. 2018), a federal court in the Middle District of Florida likewise **denied Amazon's motion to dismiss** FLSA joint employer claims, finding that plaintiffs adequately alleged Amazon controlled hiring, training,

uniforms, delivery vans, schedules, and discipline of DSP drivers. There too, Amazon argued that its formal contract with a DSP insulated it from employer liability. There too, the court disagreed.

Moreover, Amazon has not merely lost these arguments in court — it has *resolved* numerous joint employer cases by participating in multi-million dollar settlements, choosing to pay rather than continue litigating claims it characterized as legally deficient.

A defendant that has repeatedly lost the joint employer argument at the motion to dismiss stage and has chosen to settle rather than litigate these claims to judgment cannot credibly represent to this Court that the allegations here are legally insufficient. Amazon knows these allegations survive — its own litigation record proves it. Permitting full briefing and argument on a motion that Amazon's own history demonstrates is unlikely to succeed would impose unnecessary costs on Plaintiff and needlessly consume this Court's resources. See Individual Practices of Hon. Carol Bagley Amon, Rule 3(A) (pre-motion conference procedure designed to "eliminate the filing of unnecessary motions"). Plaintiff respectfully submits that Amazon's joint employer motion is precisely the type of unnecessary motion Rule 3(A) is designed to screen.

## II. The NYSHRL and NYCHRL Claims Are Timely Because the EEOC Charge Tolled the Limitations Period.

Defendants' statute-of-limitations argument conveniently omits a dispositive fact: Plaintiff's case was pending before the EEOC from the date of charge filing through July 23, 2024, when the right-to-sue letter was issued. That administrative period is excluded from the three-year clock under well-established tolling doctrine, and the September 3, 2025 filing falls comfortably within the tolled period.

The tolling mechanism operates in two steps. First, under the EEOC–NYSDHR worksharing agreement, a charge filed with the EEOC is automatically and simultaneously deemed filed with the New York State Division of Human Rights ("NYDHR"). *Sunshine v. Long Island Univ.*, 862 F. Supp. 26, 30 (E.D.N.Y. 1994); *Ford v. Bernard Fineson Dev. Ctr.*, 81 F.3d 304, 308 (2d Cir. 1996). Second, that deemed filing triggers two independent tolling provisions: (a) for NYSHRL claims, the pendency of the SDHR complaint constitutes a "statutory prohibition" that tolls the limitations period under CPLR 204(a), *Penman v. Pan Am. World Airways*, 69 N.Y.2d 989 (1987); and (b) for NYCHRL claims, NYC Admin. Code § 8-502(d) expressly tolls the three-year period "upon the filing of a complaint with the state division of human rights and during the pendency of such complaint."

The New York Appellate Division, First Department, squarely held in *Gabin v. Greenwich House, Inc.*, 210 A.D.3d 497 (1st Dep't 2022) — the most recent and authoritative state appellate decision on this question — that "the three-year statute of limitations was tolled by [plaintiff's] filing of a charge of discrimination with the EEOC." *Gabin* applies to both NYSHRL and NYCHRL claims. This holding is consistent with a substantial body of federal district court authority from within this Circuit. *See Butler v. N.Y. Health & Racquet Club*, 768 F. Supp. 2d 516, 536 (S.D.N.Y. 2011).

The arithmetic is straightforward. The toll runs from the EEOC charge filing date through July 23, 2024 (the right-to-sue date), and that entire period is excluded from the three-year clock.

Defendants Frontier and Hamza separately argue (Docs. 14, 15) that the complaint fails to allege Plaintiff worked within New York City, warranting dismissal of the NYCHRL claims. That argument is foreclosed by the complaint itself: Plaintiff resided in **Queens County** — one of the five boroughs of New York City — throughout her employment. Compl. ¶ 4. Under the NYCHRL's impact test, the controlling question is where the plaintiff felt the impact of the discrimination — not where every minute of work occurred. *Vangas v. Montefiore Med. Ctr.*, 823 F.3d 174, 182–83 (2d Cir. 2016). Lost wages, withheld shifts, and the emotional harm of near-daily harassment were suffered at Plaintiff's home in Queens. That is impact within New York City as a matter of law. *Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 291 (2010).

### III. The TVPA, GMVA, and NYLL Claims Are Indisputably Timely.

The majority of Plaintiff's claims carry limitations periods that Defendants do not and cannot dispute. The Trafficking Victims Protection Act, 18 U.S.C. § 1595(c), carries a **ten-year** period. The NYC Victims of Gender-Motivated Violence Protection Act ("GMVA"), as amended in 2022, carries a **seven-year** period. New York Labor Law claims carry a **six-year** period. This action was filed September 3, 2025 less than four years after the conduct ended. These claims independently support all categories of relief sought, including compensatory damages, punitive damages, and mandatory attorneys' fees, and they proceed regardless of any ruling on the state law claims.

### IV. Rejection of Sexual Advances

### Constitutes Protected Activity.

The Supreme Court held in *Crawford v. Metro. Gov't of Nashville*, 555 U.S. 271 (2009), that "opposing" unlawful practices encompasses conduct short of formal complaint. Under the NYCHRL, Plaintiff's repeated refusal of Hamza's advances constitutes opposition to forbidden discrimination. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 112 (2d Cir. 2013).

### V. The Wage Claims Satisfy Pleading Standards and Plaintiff Has Standing.

Defendants' reliance on *Herrera v. Comme des Garçons, Ltd.*, 84 F.4th 110 (2d Cir. 2023), is misplaced — that decision *reversed* dismissal of overtime claims and held that no week-by-week accounting is required. Where, as here, Defendants controlled all timekeeping records through the Amazon Flex app and GPS systems, Plaintiff cannot be penalized for unavailability of records she did not maintain. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). As to the NYLL § 195 wage statement claim, *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 310 (2d Cir. 2024), preserved standing where defective statements prevented identification of unpaid wages — exactly what is alleged here. Compl. ¶ 64.

## VI. The GMVA Claim Is Timely and Well-Pleaded.

The GMVA's seven-year limitations period makes this claim indisputably timely. Defendants misread the statute: the "serious risk of physical injury" element applies only to crimes against *property*, not crimes against the person. *Baldwin v. TMPL Lexington LLC*, 2024 WL 3862150, at *7 (S.D.N.Y. Aug. 19, 2024). Hamza's conduct plausibly constitutes coercion under N.Y. Penal Law § 135.60 — threatening economic harm to compel sexual compliance.  Frontier's institutional liability follows from the 2022 amendments expanding GMVA reach to entities that enable the conduct.

## VII. Tomka Is Binding; the TVPA Claim Survives Under Noble and Eckhart.

Hamza's aiding-and-abetting argument is foreclosed by binding precedent. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), held that an individual who "actually participates" in discriminatory conduct may be liable as an aider and abettor of the *employer's* violation not his own. The TVPA claim is well-pleaded: Hamza offered pay raises — "things of value" — in exchange for sex acts and used economic coercion to compel compliance. *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018); *Eckhart v. Fox News Network, LLC*, 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021). The TVPA's ten-year limitations period renders these claims indisputably timely.

## VIII. Workers' Compensation Exclusivity Does Not Bar These Claims.

New York's Workers' Compensation Law does not bar claims for intentional torts arising from personal animus. *Hanford v. Plaza Packaging Corp.*, 2 N.Y.3d 348 (2004). Statutory discrimination claims under the NYSHRL and NYCHRL are categorically exempt. *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128 (2d Cir. 2001). The GMVA and TVPA claims, rooted in intentional criminal conduct, fall squarely within the intentional tort exception.

## IX. Conclusion.

For the foregoing reasons, Defendants have not identified a viable basis for dismissal of any claim. The TVPA, GMVA, and NYLL claims are indisputably timely and independently sufficient to proceed. The NYSHRL and NYCHRL claims are also timely: the EEOC charge tolled the three-year period from the date of filing through the July 23, 2024 right-to-sue letter, rendering the September 3, 2025 filing within the limitations period. All remaining claims are well-pleaded. Plaintiff respectfully requests that the Court deny Defendants' requests for a pre-motion conference, or in the alternative schedule a conference at the Court's earliest convenience, and grant leave to amend should the Court identify any deficiency.

Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC

Melissa Mendoza,
450 Seventh Avenue, 30th Floor
New York, New York 10123
Tel.: (332) 910-5677
melissa@dereksmithlaw.com


*cc: All Counsel of Record (via ECF)*

6